UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RENE PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  1:19-cv-01469-EPG<br><br>**STIPULATION AND ORDER FOR AWARD AND PAYMENT OF ATTORNEYS FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. §2412(d))** |

　　　　IT IS HEREBY STIPULATED by and between the parties, through their undersigned attorneys, subject to the approval of the Court, that Jacob Rene Padilla (Plaintiff) be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412 (d), in the amount of six thousand seven hundred and seventeen dollars and six cents ($6,717.06). This represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §2412 (d).

　　　　After the Court issues an Order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the attorney fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the Order for EAJA fees is entered, the government will

1 | determine whether they are subject to any offset.

2 |     Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively "Plaintiff's counsel"), pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel.

    This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

    This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the provisions of the EAJA.

Respectfully submitted,

Dated: November 3, 2020    NEWEL LAW

By: *Melissa Newel*
Melissa Newel
Attorney for Plaintiff
JACOB RENE PADILLA

Dated: November 3, 2020    McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: Daniel Talbert*
DANIEL TALBERT
(*Authorized by email dated 11/03/2020)
Special Assistant U.S. Attorney
Attorneys for Defendant

**ORDER**

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. §2412, fees in the amount of six thousand seven hundred and seventeen dollars and six cents ($6,717.06) be awarded subject to the terms of the Stipulation (ECF No. 22).

IT IS SO ORDERED.

Dated:   **November 3, 2020**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE